IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER GUILLEN,**<br>　*Plaintiff,*<br><br>v.<br><br>**DAVID R. BASSE, GERALD BULUTI, LANNETTE LINTHINCUM, TEDD L. MITCHELL, BEN G. RAIMER, OWENS J. MURRAY, OFFICE OF THE ATTORNEY GENERAL - AMICUS CURIAE,**<br>　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **PE:23-CV-00007-DC** |

## ORDER

BEFORE THE COURT is United States Magistrate Judge David B. Fannin's Report and Recommendation (R&R)[1] filed in the above-captioned cause on May 30, 2023, in connection with Defendant Ben Raimer's[2] and Defendants David Basse, Gerald Baluti, Lannette Linthicum, Tedd Mitchell, and Owen Murray's[3] separately filed Motions to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[4] The parties filed no objections to the R&R and the deadline to do so has passed. After due consideration, the Court **ADOPTS** the R&R in its entirety and therefore **GRANTS** Defendants' Motions to Dismiss.[5]

---

[1] Doc. 14.
[2] Doc. 11.
[3] Doc. 12.
[4] Defendants offer substantively identical arguments to support their Motions so the Magistrate Judge analyzed them both collectively where appropriate.
[5] Docs. 11, 12.

Inmate Guillen's complaints focus on the medical treatment he received after an alleged slip and fall that occurred during his work assignment in a prison kitchen.[6] Guillen alleges the doctors who treated his resulting back and shoulder pains were negligent, and were themselves negligently hired in the first place.[7] He also views their failure to fully treat his injuries as violating his Eighth Amendment rights.[8] In total, Guillen seeks $2.7 million in actual, punitive, and declaratory damages.[9] Defendants moved to dismiss alleging Guillen failed to properly plead his claims, and that this Court lacked subject matter jurisdiction.[10] They also contend that sovereign and qualified immunity preclude Guillen's claims.[11] After review, the Magistrate Judge issued his R&R on May 30, 2023, recommending that the Court grant Defendants' motions to dismiss.[12]

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within fourteen days after being served with a copy of the findings and recommendations.[13] Failure to file written objections to the R&R within fourteen days after being served with a copy bars that party from de novo review by the

---

[6] Doc. 14.
[7] *Id.* Murray, Basse, and Baluti are Texas Department of Criminal Justice doctors. Raimer is a physician with the University of Texas Medical Branch. Linthicum is a director of the TDCJ Health Services Division. Mitchell is the president of the Texas Tech University Health Sciences Center.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] 28 U.S.C. § 636(b)(1).

district court of the proposed findings and recommendations.[14] Moreover, except upon grounds of plain error, failure to object shall also bar the party from appellate review of proposed factual findings and legal conclusions accepted by the district court to which no objections were filed.[15]

To date, the parties have filed no objections to the Magistrate Judge's R&R. After reviewing the Magistrate Judge's R&R for clear error, the Court finds it to be neither clearly erroneous nor contrary to law.[16]

For the reasons stated above, the Court **ACCEPTS** the Magistrate Judge's findings and recommendations and **ADOPTS** the R&R in its entirety.

Accordingly, the Court **GRANTS** Defendants' Motions to Dismiss.[17]

It is so **ORDERED**.

SIGNED this 25th day of June, 2023.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[14] *Id.*
[15] *Id.*; *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *United States v. Wilson*, 864 F.2d 1219 (5th Cir. 1989) (per curiam).
[16] 28 U.S.C. § 636(b)(1)(C).
[17] Docs. 11, 12.